**STATE of Maine**

v.

**Anthony HUARD.**

Supreme Judicial Court of Maine.

Oct. 31, 1972.

John B. Beliveau, County Atty., Paul R. Dionne (Law Student), Auburn, for plaintiff.

Platz & Day, by John D. Griffin, Lewiston, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WEBBER, Judge.

The defendant Huard, represented by court-appointed counsel, was adjudged in the District Court to have committed a juvenile offense and was there sentenced to the Boys Training Center. On appeal to the Superior Court the appellant asserted that the juvenile delinquency statute, 15 M.R.S.A., Sec. 2552, is impermissibly vague and that the petition setting forth the essential facts fails to meet constitutional due process requirements. On July 1, 1971 the Superior Court rejected the constitutional arguments of appellant, found him guilty of a juvenile offense and ordered him committed to the *Men's Correctional Center*. The constitutional issues were again raised on appeal to the Law Court.

Since it is apparent upon the face of the record that the Superior Court was without jurisdiction to give the sentence imposed and the case has become moot during the pendency of the appeal, we do not reach the constitutional issues sought to be raised.

The order of the Superior Court committing the appellant to the Men's Correctional Center would have been a valid order if made prior to April 21, 1969.[1] 15 M.R.S.A., Sec. 2665 provides in part that on appeal the Superior Court may adopt one of several alternative courses of action. The statute provides in part:

"* * * or, if the Superior Court should find that the juvenile court abused its discretion in disposing of the case, the Superior Court may affirm the adjudication of commission of a juvenile offense but modify any order thereon made by the juvenile court, in which case the Superior Court shall have the same powers of disposition as are conferred on the juvenile court under section 2611, subsection 4."

15 M.R.S.A., Sec. 2611, Subsec. 4 as amended by P.L.1967, Ch. 391, Sec. 1 provided as

[1] In so saying, we assume without deciding that the order was not violative of appellant's constitutional rights.

one of the "powers of disposition" of the juvenile court:

"A. Commit to the Men's Correctional Center or Women's Correctional Center, if the juvenile is of the proper age."

This paragraph A of Subsec. 4 had, however, been repealed by P.L.1969, Ch. 192, Sec. 1 effective April 21, 1969. Although this repealed paragraph was re-enacted without change by P.L.1971, Ch. 121, Sec. 1, that re-enactment did not become effective until September 23, 1971. It follows that on July 1, 1971 the Superior Court was without power to commit a juvenile offender to the *Men's Correctional Center*. The order of commitment was for that reason invalid. The matter is further complicated by the fact that appellant has attained the age of 18 years during the pendency of this appeal.[2] He is now beyond the age when he can be treated as a "juvenile offender" within the meaning of 15 M.R.S.A., Sec. 2502, Subsec. 4. Commitment of a "juvenile offender" is only for the term of his "minority" which by statutory definition found in 15 M.R.S.A., Sec. 2502, Subsec. 5 as amended by P.L. 1971, Ch. 598, Sec. 16 "means being under the age of 18."

The juvenile court having now lost jurisdiction to take further action on remand, the entry will be

Appeal sustained. Order for commitment vacated. Complaint quashed.

2. We take judicial notice of the fact that appellant was admitted to bail by a Justice of the Supreme Judicial Court pending appeal and is not presently in custody.